IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANNA R. MANUEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-14-239-SPS |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) |

## OPINION AND ORDER

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees in the amount of $3,704.58 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for an Award of Attorney Fees under the Equal Access to Justice Act [Docket No. 21]. The Commissioner objects and urges the Court to deny the request. For the reasons set forth below, the Court agrees with the Commissioner and finds that fees under the EAJA should not be awarded in this case.

Under 28 U.S.C. § 2412(d)(1)(A), "[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing*

*Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258.

On appeal, the Plaintiff asserted that the ALJ erred by failing to find the claimant had additional severe impairments, which then caused him to improperly evaluate her RFC and his findings related to the jobs she could perform. Noting that any failure to find additional severe impairments is not in itself a cause for reversal, *see Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008), this Court found that the ALJ did fail to consider the claimant's nonsevere impairments in combination, which finding was bolstered by evidence submitted to the Appeal Council. The Commissioner asserts that her position was substantially justified because the ALJ found the claimant not credible (a finding not challenged on appeal), he was substantially justified in not finding further

RFC limitations to account for her complaints. Additionally, she correctly notes that the Plaintiff did not even mention or raise the evidence submitted to the Appeals Council. The Plaintiff argues without support that it is unreasonable to find she waived her arguments related to the Appeals Council because she did not raise them. The Court agrees that the error regarding the evidence submitted to the Appeals Council—used to support the reversal based on consideration of the claimant's nonsevere impairments— was not even briefed by the Plaintiff's attorney. The Court thus finds that the Commissioner's position on appeal was reasonable in both law and fact, and that the Commissioner's position was therefore substantially justified. *Compare with Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."). *See also Cantreras v. Barnhart*, 79 Fed. Appx. 708, 709 (5th Cir. 2003) (per curiam) ("Contreras's attorney did not brief the issue that served as the basis for the remand and the attorney's efforts did nothing more than to keep Contreras's case alive."). Because the Commissioner's position was substantially justified, the Court finds that an award of attorney fees in favor of the Plaintiff is therefore precluded.

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 21] is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of February, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma